## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IRENE MICHELLE SCHWARTZ-TALLARD, an individual, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:14-cv-01908-GMN-VCF<br>) |
| vs. | ) **ORDER**<br>) |
| HSBC BANK USA, National Association, its Assignees and/or Successors, and DOES I through X inclusive, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Before the Court is the Motion for Reconsideration (ECF No. 13) filed by Plaintiff Irene Michelle Schwartz-Tallard ("Plaintiff"). For the reasons that follow, the Court DENIES Plaintiff's Motion for Reconsideration.

**I.   BACKGROUND**

Plaintiff originally filed this lawsuit on September 9, 2014 in Nevada state court. (Pet. for Removal Ex. A, ECF No. 1-1). Defendant HSBC Bank USA ("Defendant") removed the case to this Court on November 14, 2014. (Pet. for Removal, ECF No. 1).

On January 15, 2015, Defendant filed a Motion to Dismiss. (ECF No. 10). Plaintiff failed to file a timely response and pursuant to Local Rule 7-2(d), the Court granted the Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice. Shortly thereafter, Plaintiff filed the instant motion.

**II.   DISCUSSION**

Plaintiff requests that the Court reconsider its Order dismissing the case pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure on the grounds that "there was excusable neglect in not filing an Opposition." (Mot. for Reconsideration 8:14–16, ECF No. 13). Rule

60(b)(1) allows for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

To determine whether there was "excusable neglect," as used in Rule 60(b)(1), a court must evaluate four non-exhaustive factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith ." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). "Thus, although a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (internal footnote omitted).

In her Motion, Plaintiff only addresses the third factor, claiming that excusable neglect was present because her counsel, Michael J. Harker ("Harker"), "inadvertently failed to remove the email that was with the Federal Court clerks office for service" after he "separated from Brian Boggess, Esq., and established the Law Offices of Michael J. Harker, Esq." (Mot. for Reconsideration 2:1–4).  Although "Harker continued to receive service from this email for quite some time inasmuch as the email still existed and correspondence that went to said email was forwarded to [] Harker's new email," the email was shut down in late December 2014 or early January 2015, and Harker and his staff were no longer receiving any emails that were sent to the old email account. (*Id.* 2:5–10).  Plaintiff further explains that "[w]hen the Motion to Dismiss was filed, it was filed by Defendant and the service was the electronic service," which was sent to the old email account that had been shut down. (*Id.* 2:11–12).  Accordingly, "Harker was not aware of the Motion to Dismiss," even though "Harker had given an extension to Defendants to file the Motion and should have been on the 'lookout' for it and therefore, admits that he should have been more diligent regarding the same." (*Id.* 2:13–15).

Under Rule 60(b)(1), "[r]elief will not be granted if the mistake, inadvertence, or excusable neglect is due to the carelessness on the part of the litigant or his attorney." *Timbisha*

*Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D. Cal. 2010) (citation and quotation marks omitted). Rather, Rule 60(b)(1) requires some justification for the failure to avoid the mistake. *Id.* Here, the Court finds Harker's failure to update his email address for electronic service constitutes does not excusable neglect. Accordingly, the Court denies Plaintiff's Motion.

Moreover, Plaintiff's motion did not cite *Bateman* or *Briones* and did not discuss any of the factors under the equitable test. Furthermore, because Plaintiff's Motion only addressed— and unconvincingly so—the third factor in the excusable neglect analysis, the Court is within its discretion to deny her Motion on that ground alone. *See Bateman*, 231 F.3d at 1224 ("The court would have been within its discretion if it spelled out the equitable test and then concluded that [the movant] had failed to present any evidence relevant to the four factors."). Nonetheless, Plaintiff acknowledges that "the case was dismissed without prejudice and [Plaintiff] can re file the same." (Mot. for Reconsideration 8:13–14).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 13) is **DENIED**.

**DATED** this 5th day of June, 2015.

_____
Gloria M. Navarro
United States District Judge